Alexander (Zander) Blewett, III
Drew Blewett
HOYT & BLEWETT PLLC
P.O. Box 2807
Great Falls, MT 59403-2807
(406)761-1960 - Phone
(406)761-7186 - Fax

MONTANA EIGHTH JUDICIAL DISTRICT COURT, CASCADE COUNTY

* * * * * * * * * * * * * * *

SHANNON CONWAY,

    Plaintiff,

v.

BENEFIS HEALTH SYSTEM, INC.,

    Defendant.

Cause No. CDV-10-1132

Hon. KENNETH R. NEILL

INDIVIDUAL COMPLAINT AND COMPLAINT FOR CLASS ACTION WITH DEMAND FOR JURY TRIAL

* * * * * * * * * * * * * * * * *

For his Claims against Defendant, Plaintiff states and alleges as follows:

## INDIVIDUAL CLAIMS OF PLAINTIFF.

### COUNT I

1. Plaintiff, Shannon Conway, is a citizen of the State of Montana, residing in Great Falls, Cascade County, Montana.

2. Defendant, Benefis Health System, Inc. (Benefis), is a domestic corporation with its principal place of business in Great Falls, Cascade County, Montana.

3. In an effort to attract more customers, Benefis enters into contracts with health insurers to establish the reduced rates at which health insurers reimburse Benefis for providing

1  medical care. The reason Benefis agrees to accept reduced reimbursement rates from health
2  insurers is because doing so increases the number of people treating at its facility, thereby
3  helping its bottom line.

4. The rate at which health insurers reimburse Benefis varies greatly depending on whether the health insurer is a government entity or a private corporation. Regardless of whether a health insurer is a government entity or a private corporation, the contractually agreed upon reduced rates at which health insurers reimburse Benefis are far less than the actual amount billed. Insurance companies who sell Med Pay automobile insurance coverage to their insureds do not typically enter into contracts with Benefis. Rather, if it is determined that their insureds are legally entitled to payment by reason of having been involved in an automobile accident, these insurance companies are obligated to pay their insured's medical expenses up to a predetermined amount.

5. On November 6, 2009, Plaintiff, Shannon Conway, was injured in a car accident with a third party and received medical treatment through Benefis at the cost of $2,073.65.

6. At the time Plaintiff received his medical treatment, he was insured by TRICARE, the military health insurance program administered by TRIWest Healthcare Alliance.

7. TRICARE and Benefis had previously entered into a contract whereby TRICARE would reimburse Benefis at a rate substantially lower than the actual amount billed.

8. Pursuant to the contract between TRICARE and Benefis, once TRICARE pays a patient's bill, Benefis is obligated to accept that reduced payment in full satisfaction of the bill.

9. Benefis billed TRICARE $2,073.65 for the medical treatment it provided to Plaintiff. TRICARE then paid Benefis $662.74 in full satisfaction of Plaintiff's $2,073.65 bill.

10. Plaintiff had purchased Med Pay insurance coverage through his auto insurance carrier, Kemper, and was entitled to receive $1,866.29 from Kemper as a result of the November 6, 2009 car accident. Plaintiff made a demand on Kemper to pay this money directly to Plaintiff but Kemper mistakenly paid the $1,866.29 to Benefis.

11. Instead of refunding the $1,866.29 to Plaintiff, Benefis kept the $1,866.29 it received from Kemper and refunded TRICARE the $662.74 it had previously paid on Plaintiff's

1  behalf, all without informing Plaintiff of its scheme.

2  12. As a direct result of Benefis's covert billing scheme, Plaintiff was damaged in the
3  amount of $1,866.29.

4  13. Benefis committed actual fraud against Plaintiff in accepting the $1,866.29
5  payment from Kemper when Plaintiff's bill had already been satisfied by TRICARE. The
6  elements of actual fraud have been satisfied because, 1) Benefis represented to Plaintiff that his
7  account balance had been fully satisfied by TRICARE; 2) The representation was false in that
8  Benefis had actually received an additional $1,866.29 from Kemper and then reimbursed
9  TRICARE for the $662.74 it had paid; 3) The representation was material because it lead
10 Plaintiff to believe that he was not owed anything on the account; 4) Benefis knew the
11 representation was false because after receiving $662.74 from TRICARE in full satisfaction of
12 the bill, it secretly deposited the $1,866.29 payment from Kemper and then refunded TRICARE
13 the $662.74 it had paid without ever informing Plaintiff; 5) By representing to Plaintiff that his
14 account balance had been fully satisfied by TRICARE, Benefis intended that Plaintiff would
15 assume he was not owed anything on the account; 6) Plaintiff was completely ignorant to the fact
16 that Benefis had received an additional $1,866.29 from Kemper and then reimbursed TRICARE
17 for the $662.74 it had paid; 7) Plaintiff relied upon the truth of the representation in assuming his
18 account balance had been satisfied and that he was not owed anything on the account; 8) Plaintiff
19 had a right to rely upon the representation because Benefis had previously negotiated a contract
20 with TRICARE under which it agreed to accept a reimbursement rate substantially lower than the
21 billed amount. When Benefis represented to Plaintiff that his account balance had been fully
22 satisfied by TRICARE, Plaintiff had every right to rely upon that representation; 9) Plaintiff was
23 damaged by his reliance on Benefis's false representation in the amount of $1,866.29.

24 14. Plaintiff is entitled to recover the $1,866.29 that Benefis improperly accepted
25 from Kemper.

26 15. The conduct of Benefis constitutes malice, pursuant to Montana law. The jury
27 should award punitive damages against Benefis in an amount it determines appropriate under the
28 circumstances.

1  WHEREFORE, pursuant to Count I, Plaintiff prays that the Court enter judgment in
2  Plaintiff's favor and against Defendant, ordering Defendant to pay $1,866.29, punitive damages,
3  and whatever other relief the Court deems appropriate under the circumstances. Plaintiff
4  demands trial by jury on his individual claim contained in Count I.

## COUNT II

6  16. Plaintiff realleges the allegations contained in ¶¶ 1-15 above.
7  17. Plaintiff is a consumer, pursuant to § 30-14-102, MCA.
8  18. Benefis is a person within the meaning of § 30-14-102(6), MCA.
9  19. Benefis has violated § 30-14-103, MCA, by using unfair or deceptive acts or
10 practices in the conduct of its trade or commerce, which is unlawful.
11 20. Plaintiff, due to Benefis's deceptive billing practices, has suffered damages in the
12 amount of $1,866.29 as well as emotional distress, and Defendant is liable for the payment of
13 that $1,866.29 as well as his damages for emotional distress.
14 21. Pursuant to § 30-14-133, MCA, Plaintiff is entitled to treble damages, in addition
15 to his attorneys' fees incurred.
16 WHEREFORE, pursuant to Count II, Plaintiff prays that the Court enter judgment in
17 Plaintiff's favor and against Defendant, in the amount of $1,866.29, including treble damages
18 and Plaintiff's attorneys' fees and costs, in addition to whatever other relief the Court deems
19 appropriate under the circumstances. Plaintiff also demands trial by jury on his individual claim
20 set forth in Count II.

## COUNT III

22 22. Plaintiff realleges the allegations contained in ¶¶ 1-22 above.
23 23. On November 6, 2009, Plaintiff and Benefis entered into a contract for medical
24 services under which Benefis agreed to provide Plaintiff medical care in exchange for payment
25 from Plaintiff's health insurer, TRICARE.
26 24. Pursuant to its contract with Plaintiff, Benefis agreed to accept TRICARE's
27 reduced payment in full satisfaction of Plaintiff's bill.
28 //

25. After providing Plaintiff medical care at a cost of $2,073.65, Benefis billed TRICARE for payment. TRICARE paid $662.74 in full satisfaction of Plaintiff's $2,073.65 bill.

26. After Plaintiff's bill had been fully satisfied by TRICARE, Benefis received an additional payment from Plaintiff's auto insurance carrier, Kemper, in the amount of $1,866.29. The $1,866.29 was paid pursuant to Plaintiff's medical payments coverage with Kemper.

27. Instead of refunding the $1,866.29 to Plaintiff, Benefis kept the $1,866.29 it received from Kemper and refunded TRICARE the $662.74 it had previously paid on Plaintiff's behalf.

28. Benefis breached its contract with Plaintiff by failing to refund Plaintiff the $1,866.29 it received from Kemper after Plaintiff's bill had been fully satisfied by TRICARE.

29. As a direct result of Benefis's breach of contract, Plaintiff suffered damages in the amount of $1,866.29.

WHEREFORE, pursuant to Count III, Plaintiff prays that the Court enter judgment in Plaintiff's favor and against Defendant, in the amount of $1,866.29, in addition to attorneys' fees and costs if the contract allowed for attorneys' fees and whatever other relief the Court deems appropriate under the circumstances. Plaintiff also demands trial by jury on his individual claim set forth in Count III.

## COUNT IV

30. Plaintiff realleges the allegations contained in ¶¶ 1-29 above.

31. Prior to November 6, 2009, Plaintiff's health insurer, TRICARE, and Benefis entered into a contract whereby Benefis would bill TRICARE for a patient's medical care and TRICARE would reimburse Benefis at a rate substantially lower than the actual amount billed. The reason Benefis agreed to accept the reduced reimbursement rate from TRICARE was because doing so increases the number of people treating at its facility, thereby helping its bottom line.

32. Pursuant to the contract between TRICARE and Benefis, once TRICARE pays a patient's bill, Benefis is obligated to accept that reduced payment in full satisfaction of the bill.

//

33. Plaintiff was insured by TRICARE at the time he sought treatment from Benefis. Consequently, Plaintiff is an intended third party beneficiary to the contract between TRICARE and Benefis because, 1) Plaintiff's right to have his medical expenses paid by TRICARE is appropriate to effectuate the intention of the parties, and 2) The performance of Benefis's promise to accept payment from TRICARE satisfies an obligation on the part of TRICARE to pay for Plaintiff's medical treatment.

34. As an intended third party beneficiary to the contract between TRICARE and Benefis, Plaintiff has a right to enforce the provisions of the contract.

35. Pursuant to its contract with TRICARE, Benefis agreed to accept TRICARE's reduced payment in full satisfaction of Plaintiff's bill. TRICARE paid Benefis $662.74 in full satisfaction of Plaintiff's $2,073.65 bill.

36. Benefis breached its contract with TRICARE by accepting the $1,866.29 from Kemper and refunding TRICARE what it had previously paid pursuant to the contract.

37. As a direct result of Benefis breaching its contract with TRICARE, Plaintiff, a third party beneficiary, suffered damages in the amount of $1,866.29.

WHEREFORE, pursuant to Count IV, Plaintiff prays that the Court enter judgment in Plaintiff's favor and against Defendant, in the amount of $1,866.29, and whatever other relief the Court deems appropriate under the circumstances. Plaintiff also demands trial by jury on his individual claim set forth in Count IV.

## COUNT V

38. Plaintiff realleges the allegations contained in ¶¶ 29-37 above.

39. Plaintiff was insured by TRICARE at the time he sought treatment from Benefis.

40. As a TRICARE insured, Plaintiff had a contractual agreement with TRICARE whereby TRICARE would pay for Plaintiff's medical treatment in exchange for Plantiff's father's years of military service.

41. Benefis intentionally interfered with the contractual relations between TRICARE and Plaintiff when it kept the $1,866.29 it received from Kemper and then refunded TRICARE the $662.74 it had previously paid on Plaintiff's behalf. The elements of intentional

interference with contractual relations have been satisfied because, 1) Benefis intentionally and willfully engaged in a covert billing scheme; 2) The billing scheme was calculated to cause damage to Plaintiff; 3) The billing scheme was conducted with the unlawful purpose of causing damage, without right or justifiable cause on the part of Benefis; 4) Through its billing scheme, Benefis caused Plaintiff damage in the amount of $1,866.29.

42. The conduct of Benefis constitutes malice, pursuant to Montana law. The jury should award punitive damages against Benefis in an amount it determines appropriate under the circumstances.

WHEREFORE, pursuant to Count V, Plaintiff prays that the Court enter judgment in Plaintiff's favor and against Defendant, ordering Defendant to pay $1,866.29, punitive damages, and whatever other relief the Court deems appropriate under the circumstances. Plaintiff demands trial by jury on his individual claim contained in Count V.

### CLAIM FOR CLASS ACTION AGAINST BENEFIS.

### COUNT VI

43. Plaintiff rellages the allegations contained in ¶¶ 1-42.

44. Plaintiff, Shannon Conway, as a patient at Benefis, is a representative party for a class of other participants in Montana who have been subjected to deceptive billing practices at the hands of Benefis.

45. For years, Benefis has been accepting payments on patients' bills which are far in excess of the reduced reimbursement rates Benefis has contractually agreed to accept from health insurers. In an effort to attract more customers, Benefis enters into contracts with health insurers to establish the reduced rates at which health insurers reimburse Benefis for providing medical care. Instead of accepting the pre-established reduced reimbursement rates from health insurers, Benefis has been accepting payments from other sources far in excess of the contractually agreed upon reimbursement rates.

46. All such patients have claims against Benefis for wrongful acceptance of payments for 1) breach of contract, 2) breach of third party beneficiary contract, and 3)

intentional interference with contractual relations back in time for a period of eight years, which is the statute of limitations in Montana on written contract claims. This class is so numerous that joinder of all members is impractical and, in this regard, Plaintiff has no way of determining or joining all members of this class unless this Court certifies this class. There are questions of law and questions of fact that are common to the class because Benefis has been using these billing practices for years. The claims of Plaintiff and the other class members are typical, if not identical, in all such claims being asserted on behalf of the class. Finally, Plaintiff can and will fairly and adequately protect the interests of the class.

47. This proposed class-action should be certified because the questions of law and/or of fact common to class members predominate over any questions affecting only individual members and, as a matter of fact, there are almost no questions of law or in fact that only affect individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. As a practical matter, there is no other available method. In this regard, Plaintiff, bringing this class action, is in a position to show the Court:

(A) Plaintiff is in a position to have this issue resolved for all class members who have had payments wrongfully accepted based on Benefis's improper billing practices. The other class members do not have the knowledge, resources, legal expertise, or time to bring these claims individually in separate actions.

(B) To the knowledge of Plaintiff, there are no other cases pending against Benefis concerning the controversy which has already been begun by Plaintiff individually and on behalf of the class members in this proposed class action.

(C) The desirability of concentrating the litigation of all of these claims in this particular forum before this particular Court under these circumstances, where the entire case turns on the impropriety of Benefis's billing practices, is undeniable.

(D) Although all class actions have certain difficulties, representative Plaintiff and his counsel feel these difficulties will be much more easily managed through a class action rather than through the nearly impossible procedure of individual prosecutions.

//

48. It appears to Plaintiff that numerous deserving patients have had payments wrongfully accepted by Benefis based solely upon Benefis's improper billing practices.

49. Benefis is the entity which has direct knowledge of the names and addresses of all patients who have had payments wrongfully accepted based on Benefis's improper billing practices. In this regard, Benefis should be required to disclose the names of all such patients to the Court so that the appropriate notice can be brought to their attention.

50. The conduct of Benfis constitutes malice, pursuant to Montana law. The jury in this matter should award punitive damages against Benefis in an amount it determines appropriate under the circumstances.

WHEREFORE, pursuant to Count VI, Plaintiff prays that the Court, as early as practicable, enter an order certifying this action as a class action against Benefis, pursuant to Rule 23, M.R.Civ.P., and to define the class, appoint class counsel, and create the appropriate notice, pursuant to Rule 23, M.R.Civ.P. Also, Plaintiff prays, on behalf of the class, to enter judgment against Benefis in favor of each class member for the value of their payments which were wrongfully accepted based on the improper billing practices, punitive damages, and costs incurred herein, to be set by the Court. Plaintiff demands trial by jury on the class action claims for all issues which are triable by a jury.

DATED this 9th day of December, 2010.

HOYT & BLEWETT PLLC

By: _____
Alexander (Zander) Blewett, III
Drew Blewett
P.O. Box 2807
Great Falls, MT 59403-2807

Attorneys for Plaintiffs

**DEMAND FOR JURY TRIAL**

Plaintiffs demand trial by jury.

DATED this 9th day of December, 2010.

                         HOYT & BLEWETT PLLC

                         By: _____
                              Alexander (Zander) Blewett, III
                              Drew Blewett
                              P.O. Box 2807
                              Great Falls, MT  59403-2807

                         Attorneys for Plaintiffs